UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DERRICK ANDERSON,

                Plaintiff,

v.

OFFICER L. NOLAN, et al.,

                Defendants.

Case # 16-CV-6155-FPG

DECISION AND ORDER

*Pro se* Plaintiff Derrick Anderson brings this action pursuant to 42 U.S.C. § 1983 against Defendants Officer L. Nolan, Officer A. Vargas, Officer Koch, Officer Galloway, Officer Jarecki, and hearing officer Peter Marchie. At this juncture, Plaintiff's only remaining causes of action are his excessive force claims against Defendants Nolan, Vargas, Koch, and Galloway and his due process claims against Defendants Jarecki and Marche. *See* ECF No. 22 (screening Plaintiff's Amended Complaint). At the outset of this litigation, Plaintiff also sought permission to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (ECF No. 2), a request this Court granted in its February 6, 2017 Decision and Order. *See* ECF No. 13, at 2. Defendants now seek to revoke Plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(g). *See* ECF No. 25. In addition, Plaintiff has filed a Motion for Miscellaneous Relief (ECF No. 34), which appears to be a motion for sanctions, and a formal Motion for Sanctions (ECF No. 38). Defendants have, in turn, filed their own Motion for Sanctions (ECF No. 37).

**I.**    *In Forma Pauperis* **Status**

Section 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

1

> or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Defendants argue that, as of March 10, 2016—the date this case was filed—Plaintiff already had three lawsuits and one appeal that had been dismissed by courts in this district and the Second Circuit, respectively, as "frivolous, malicious[,] or for failing to state a claim." ECF No. 25-1, at 1. They argue that, because Plaintiff is currently an inmate, and because he filed his prior cases and appeal when he was also an inmate, he falls within the purview of § 1915(g), and his *in forma pauperis* status should be revoked. *See id.* at 1–3.

Three of the four[1] dismissals cited by Defendants constitute "strikes" under § 1915(g). In *Anderson v. Lalley*, No. 12-cv-6355-FPG (W.D.N.Y. Oct. 29, 2015), this Court dismissed Plaintiff's suit with prejudice for failure to state a claim upon which relief could be granted. *See Lalley*, No. 12-cv-6355-FPG, ECF No. 40. The Second Circuit then dismissed Plaintiff's subsequent appeal for "lack[ing] an arguable basis in law or in fact." *See Lalley*, No. 15-3582 (2d Cir. Jan. 28, 2016), ECF No. 26 (citing *Nietzke v. Williams*, 490 U.S. 319 (1989), for the definition of "frivolous"). In *Anderson v. Annuci*, No. 14-cv-6370-FPG (W.D.N.Y. Oct. 27, 2014), Plaintiff's suit was, once again, dismissed with prejudice for failing to state a claim upon which relief could be granted. *See Annuci*, No. 14-cv-6370-FPG, ECF No 3. In sum, Plaintiff has had at least three actions or appeals dismissed for being frivolous or failing to state a claim. *See Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) (counting the dismissal of a complaint and dismissal of the subsequent appeal, both on § 1915(g) grounds, as "separate strikes under § 1915(g)"). Moreover, in each instance, Plaintiff was an inmate at the time of filing. *See Annuci*, No. 14-cv-

---

[1] Defendants also cite *Anderson v. Gallivan*, No. 01-cv-6453-DGL (W.D.N.Y. Sept. 17, 2002), for another strike, but that dismissal was without prejudice for Plaintiff's failure to exhaust his administrative remedies. *See Gallivan*, No. 01-cv-6453-DGL, ECF No. 34 (archived). Accordingly, it does not constitute a strike under § 1915(g). *See Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007).

6370-FPG, ECF No. 3, at 1; *Lalley*, No. 12-cv-6355-FPG, ECF No. 40, at 1; *Lalley*, No. 12-cv-6355-FPG, ECF No. 41, at 5–6; *see also Lalley*, No. 15-3582, ECF No. 9, at 1.

In response, Plaintiff argues only that he had previously been granted *in forma pauperis* status in yet another matter, and—therefore—"any matters constituting strikes must start after" that case. ECF No. 26, at 1. Plaintiff cites no authority for that conclusion. Instead, he reasons that, because that case was allegedly not dismissed on a ground enumerated in § 1915(g), Defendants' argument is somehow rendered meritless. *See id.* at 1–2. From the outset, the Court notes that Plaintiff's response fails to provide a case number for the action he references. To the extent he is referring to *Anderson v. Serena*, No. 12-cv-6039-JWF (W.D.N.Y. Oct. 13, 2016), his filing of that case appears to predate his accumulation of at least three strikes. *See Serena*, No. 12-cv-6039-JWF, ECF No. 1. Since that time, Plaintiff has indisputably accumulated at least three strikes under § 1915(g). Accordingly, Plaintiff fails to rebut Defendants' argument for revocation of his *in forma pauperis* status.

After Defendants filed their reply to Plaintiff's response, Plaintiff continued to file additional memoranda without this Court's permission—in total, five unauthorized sur-replies, *see* ECF Nos. 29–33—and, upon further motion, seeks "an order granting the relief requested in Plaintiff's Complaint, and any further relief as this Court may deem just and proper," for "Plaintiff's numerous memorandums [sic] that were not responded to by . . . Defendants." ECF No. 34, at 1. Indeed, in his most recent Motion for Sanctions (ECF No. 38), Plaintiff continues to argue against Defendants' earlier motion for revocation of his *in forma pauperis* status. *See* ECF No. 38.

While the Court fully recognizes the leniency to be afforded *pro se* litigants, *see, e.g.*, *Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010), Plaintiff had no basis for continuing to inundate

3

this Court with additional memoranda—much less, to affirmatively seek sanctions against Defendants for failing to respond to his unauthorized filings. Moreover, his first unauthorized memorandum still asserts the same argument from his earlier response. *See* ECF No. 29. Plaintiff does not introduce a new argument until his second unauthorized memorandum, in which he starts to concede that, while he might have three strikes, he should fall within the imminent-danger exception provided in § 1915(g). *See* ECF No. 30. In his fourth unauthorized memorandum, Plaintiff escalates and begins to claim that this Court had already determined that he qualified for the imminent-danger exception. *See* ECF No. 32.

This Court did no such thing. It cited "the statutory requirements of . . . § 1915(a)" in granting *in forma pauperis* status, not § 1915(g). ECF No. 13, at 2. Indeed, the Court *could not* have reached such a determination, because Plaintiff materially misrepresented his litigation history on the form complaint he included within his original 173-page filing on March 10, 2016. *See* ECF No. 1. When asked whether he had "begun **any other lawsuits in federal court** which **relate[d] to [his] imprisonment**," Plaintiff checked the box indicating that he had not. *See* ECF No. 1, at 5. Plaintiff then signed the form complaint, "declar[ing] under penalty of perjury that the foregoing [wa]s true and correct." *See id.* at 9; *see also, e.g.*, *Flemming v. Santamore*, No. 9:15-cv-00457(MAD/ATB), 2016 WL 3221844, at *3 (N.D.N.Y. June 10, 2016) ("When a [p]laintiff dishonestly answers a question on a form complaint and swears to the truthfulness of that answer, no amount of special solicitude afforded to pro se litigants can excuse such a material misrepresentation to the court.").

Furthermore, aside from that misrepresentation, Plaintiff would not qualify for the imminent-danger exception. The Second Circuit has instructed that "[a]n imminent danger is not one 'that has dissipated by the time a complaint is filed; rather it must be one 'existing at the time

4

the complaint is filed.'" *Chavis*, 618 F.3d at 169 (internal citation omitted) (first quoting *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); and then quoting *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002)); *see also Akassy v. Hardy*, 887 F.3d 91, 96 (2d Cir. 2018) (explaining that "it is not sufficient to allege that 'harms . . . had already occurred'" (quoting *Malik*, 293 F.3d at 562–63) (alterations in original)). While § 1915(g) presents "only a threshold procedural question"—meaning it does not require "an overly detailed inquiry into . . . the allegations"—there must still be a serious physical injury feared. *See Chavis*, 618 F.3d at 169 (quoting *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)). There must also "be a nexus between the imminent danger a three-strikes prisoner alleges . . . and the legal claims asserted in his complaint." *Akassy*, 887 F.3d at 97 (quoting *Pettus*, 554 F.3d at 297). To assess whether the proper nexus exists, courts look to "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint[;] and (2) whether a favorable judicial outcome would *redress* that injury." *Pettus*, 554 F.3d at 298–99.

Plaintiff's Complaint did not explicitly reference any serious physical injury imminent at the time of filing—instead, it recounted only past alleged harms. *See* ECF No. 1. The only potential basis for inferring serious and imminent physical harm would seem to be the claimed persistence of injuries from the alleged assault on September 5, 2015 and the purported failure to properly treat those injuries.[2] Even in the light most favorable to Plaintiff, the continuation of his claimed physical infirmities does not rise to the level of "serious" physical harm contemplated by § 1915(g). *Compare* ECF No. 1, at 10–11, 27–28 (complaining of headaches, blurred vision, and continued pain and discomfort), *with, e.g.*, *Gasaway v. Purdue*, No. 9:11-CV-1272 (LEK/DEP),

---

[2] The Court also notes that Plaintiff's account of his purported injuries was dated "11-23-15," *see* ECF No. 1, at 30, but his Complaint was not filed until March 10, 2016, *see* ECF No. 1. The relevant inquiry looks to the serious physical injury that was allegedly imminent at the actual time the Complaint was filed.

5

2012 WL 1952928, at *6 (N.D.N.Y. Apr. 9, 2012) (listing sufficiently serious allegations), *adopted*, 2012 WL 1952644 (W.D.N.Y. May 30, 2012). On a separate—and even more definitive—front, even if there had been sufficient harm posed by the alleged failure to adequately treat Plaintiff's claimed injuries, it would have dissipated when Plaintiff subsequently transferred facilities, which occurred months before he initiated this action. *See* ECF No. 1, at 30 ("[I] suffer[ed] in severe pain the whole time I was housed in Attica Correctional Facilities [sic] S.H.U. from 9-5-15 thru [sic] 10-9-15. I was transferred to Southport Correctional on 10-9-15."). Accordingly, Plaintiff's Complaint does not allege any serious and imminent physical harm at the time of its filing.[3]

Plaintiff's Amended Complaint fails to provide additional details regarding any purportedly imminent physical danger. *See* ECF No. 14; ECF No. 22. To the contrary, it—again—specifies that the alleged failure to treat Plaintiff's claimed injuries was limited to the period of time from "September 5th, 2015 until October 9th, 2015." *See* ECF No. 14, at 2. While the Court is "obligated to draw the most favorable inferences that [Plaintiff's] complaint supports," the Court "cannot invent factual allegations that he has not pled." *Chavis*, 618 F.3d at 170. The absence of any allegations in the Complaint or Amended Complaint as to an imminent danger of serious physical harm means that Plaintiff does not fall within § 1915(g)'s exception. Accordingly, his *in forma pauperis* status must be revoked, and Defendants' motion to that effect (ECF No. 25) is GRANTED.

---

[3] With respect to the overall relief requested, the Court also notes that the Complaint sought solely monetary damages—specifically, "$1 million compensatory against each defendant and $9.5 million for punitive damages." ECF No. 1, at 8; *see, e.g.*, *Mason v. Dolan*, No. 09CV791Sc, 2010 WL 2889542, at *2 (W.D.N.Y. July 21, 2010) (observing that a plaintiff "asserting 'imminent danger' would reasonably be expected to request" injunctive relief).

## II. Motions for Sanctions

Both Plaintiff and Defendants have moved for sanctions pursuant to Federal Rule of Civil Procedure 11. *See* ECF Nos. 34, 37–38. Given that Plaintiff's apparent basis for seeking sanctions is Defendants' failure to respond to his unauthorized memoranda, for the reasons discussed *supra*, his Motion for Miscellaneous Relief (ECF No. 34) and Motion for Sanctions (ECF No. 38) are DENIED.

Defendants' Motion for Sanctions (ECF No. 37) cites Plaintiff's misrepresentations that, in originally granting his *in forma pauperis* status, the Court determined that he qualified for § 1915(g)'s imminent-danger exception. *See* ECF No. 37. Defendants thus seek to have "[t]he Amended Complaint . . . dismissed in its entirety," along with attorney's fees for the costs of bringing their motion. ECF No. 37-2, at 4.

While Rule 11 is applicable to *pro se* litigants, the imposition of sanctions for a Rule 11 violation remains within the Court's discretion, and the Second Circuit has reiterated that "a Rule 11 dismissal is drastic-the harshest sanction and penalty available to the district court-and should be imposed 'only in extreme circumstances." *See Benitez v. King*, 298 F. Supp. 3d 530, 539–40, 543–44 (W.D.N.Y. 2018) (quoting *Rates Tech. Inc. v. Mediatrix Telecom, Inc.*, No. CV 05-2755(JS)(AKT), 2007 WL 2021905, at *4 (E.D.N.Y. Mar. 16, 2007)). Despite Plaintiff's apparent familiarity with the legal system, he is still a *pro se* litigant, and—even if the Court were to find a violation of Rule 11(b)—Plaintiff had not previously been warned of the potential for sanctions. *See id.* at 539–40, 543. As a result, the Court declines to impose the extreme sanction of a dismissal pursuant to Rule 11, but Plaintiff is hereby put on notice of the potential for sanctions for future misrepresentations to the Court. *See* Fed. R. Civ. P. 11(b)–(c).

**CONCLUSION**

Defendants' Motion (ECF No. 25) is GRANTED, and Plaintiff's *in forma pauperis* status is hereby REVOKED. Plaintiff's Motion for Miscellaneous Relief (ECF No. 34) and Motion for Sanctions (ECF No. 38) are DENIED. Defendants' Motion for Sanctions (ECF No. 37) is also DENIED.

Plaintiff has **30 days** from the issuance of this Order to pay the $400.00 filing fee. If the filing fee is not paid by that date, the Amended Complaint shall be DISMISSED without prejudice, and the Clerk of Court shall terminate this action without further order of this Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: June 26, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court